[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence January 24, 1995 Date of Application January 26, 1995 Date Application Filed January 26, 1995 Date of Decision May 27, 1997
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford, G.A. 17, Docket Numbers CR93-85061; CR93-85223.
John R. Donovan, Esq., Defense Counsel, for Petitioner.
Michael Gale, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION:
Petitioner has requested a review of two separate consecutive sentences. The matters were considered at a consolidated hearing and this memorandum will cover both petitions.
After trial by jury on July 13, 1994, defendant was convicted of criminal mischief in the first degree in violation of General Statutes § 53a-115 (a)(1); conspiracy to commit criminal mischief in the first degree in violation of § 53a-115
(a)(1); and reckless endangerment in the second degree in violation of § 53a-64. As a result of such conviction, a sentence of three years execution suspended after 15 months was imposed on the first count. A sentence of three years execution suspended after 15 months was imposed on the second count consecutive to count one; and on the third count of reckless endangerment, a six-month consecutive sentence was imposed. The total effective sentence was six years execution suspended after three years with three years probation.
On January 24, 1995, after trial by jury, petitioner was convicted of forgery in the second degree in violation of General Statutes § 53a-139 (a)(1); larceny in the sixth degree in violation of § 53a-125b; § 53a-119 (2); and on a Part B CT Page 7573 information alleging offenses committed while on release in violation of § 53a-40b. A sentence of five years was imposed on the first count. A sentence of three months concurrent with count one was imposed on the second count, and on the Part B information alleging offenses committed while on release, a consecutive sentence of ten years was imposed. The total effective sentence was 15 years. This sentence was imposed consecutive to the sentence imposed on July 13, 1994.
Defendant's attorney argued that the sentence imposed on January 24, 1995, should be reduced. The attorney pointed out that the maximum sentence was imposed on the § 53a-40b charge and that this was consecutive to the forgery sentence. It was argued that since the underlying crime; that is, paying for a meal with a forged money order was minimal and that the offense for which the defendant was out on bond for had been nolled, the consecutive sentence was highly inappropriate. The forgery involved a $250 commercial instrument. Since the amount involved was so little, it was argued that the offense should be in the lower range of charges for this violation. It was admitted that petitioner had a bad criminal record. However, the attorney pointed out that there was little violence reflected on petitioner's criminal record. A long-standing drug problem was the cause of petitioner's criminal record.
Speaking on his own behalf, petitioner stated that his primary problem was drugs. He argued that his addiction to heroin caused his problems.
The state's attorney argued against any reduction in sentence. He argued that any consideration of petitioner's sentence should begin with petitioner's criminal record. The attorney argued that petitioner had a complete disregard for the laws of society and was a career criminal. The attorney argued that petitioner showed a complete disregard for the law and that his conduct while on trial and while out on bond indicated that he had no concern for the requirements of the laws of society. The attorney stated that petitioner needed to be locked away for a long time. He argued that the sentence imposed was "appropriate."
In imposing sentence on these cases, the Court was presented with a person 30 years of age with an extensive criminal record. He had at least 25 prior convictions with a number of other charges pending at the time of trial. The sentence imposed here CT Page 7574 was at the high end of the spectrum. Considering, however, defendant's character and the need to protect the public interest and deter other people from this type of extended criminal activity, it cannot be found that the sentence is inappropriate or disproportionate. Section 942, Connecticut Practice Book.
Sentence affirmed.
Purtill, J., Klaczak, J., and Norko, J. participated in this decision.